Filed 1/26/22  P. v. Perez CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WILFREDO PEREZ,<br><br>    Defendant and Appellant. | B311893<br><br>Los Angeles County<br>Super. Ct. No. NA114870 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Chet L. Taylor, Judge. Affirmed.

Sarvenaz Bahar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

After defendant Wilfredo Perez pled guilty to assaulting his father, he was placed on probation, ordered to complete a drug treatment program, and ordered to stay away from his father. When defendant failed to report to the drug treatment program, the court terminated probation and executed the previously-imposed sentence. Our independent review of the record has revealed no arguable appellate issues, and we affirm.

## BACKGROUND

By felony complaint dated July 16, 2020, defendant was charged with assault with a deadly weapon (Pen. Code, § 245,[1] subd. (a)(1); count 1) and criminal threats (§ 422; count 2) against his father. The complaint also alleged defendant personally used a deadly weapon—a bat—in the commission of count 2 (§ 12022, subd. (b)(1)). On September 10, 2020, the complaint was amended to add a charge of assault likely to produce great bodily injury (§ 245, subd. (a)(4); count 3), to which defendant pled no contest. Counts 1 and 2 were dismissed.

In accordance with the plea agreement, the court imposed the mid-term of three years for count 3, suspended execution of the sentence, and placed defendant on three years' probation. Among other probation conditions, defendant was ordered to stay away from his father and to complete a treatment program at the Los Angeles Centers for Alcohol and Drug Abuse (LA CADA).

On October 5, 2020, LA CADA notified the court that defendant had not been admitted into its residential treatment program. On October 26, 2020, the court summarily revoked

---

[1] All undesignated statutory references are to the Penal Code.

defendant's probation and issued a bench warrant. Two weeks later, defendant was arrested at his father's home for violating the stay-away order, and the bench warrant was recalled.

A probation violation hearing was spread over two days several weeks apart. The parties stipulated that defendant did not report to LA CADA as required under the terms of his probation. The court took judicial notice of the protective order in the case and heard testimony from defendant's sister and father.[2]

On March 19, 2021, the court terminated probation and executed the previously-imposed sentence. Defendant filed a timely notice of appeal, and we appointed counsel to represent him.

On October 27, 2021, appellate counsel filed a brief in which she raised no issues and asked us to review the record independently under *People v. Wende* (1979) 25 Cal.3d 436, 443. The following day, we notified defendant that his attorney had failed to find any arguable issues and that he could submit by brief or letter any arguments he wanted this court to consider. We have not received a response.

## DISCUSSION

We have examined the entire record and are satisfied appellate counsel has fully complied with her responsibilities and no arguable issues exist in the appeal before us. (*Smith v. Robbins* (2000) 528 U.S. 259, 278–284; *People v. Wende, supra,* 25 Cal.3d at p. 443.)

---

[2] Although the record does not contain the reporter's transcript of the February 11, 2021 hearing, the minute order from that date establishes the probation violation.

## DISPOSITION

The judgment is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        LAVIN, Acting P. J.

WE CONCUR:


    EGERTON, J.


    VIRAMONTES, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.